

May 26, 2017

Natalie Cardiello
Chapter 7 Trustee

Re:   John Sorensen & Cambria Sorensen
      Agreement to Negotiate Consented Sale for 622 Bascom Ave, Pittsburgh, PA 15212

Dear Trustee Cardiello:

This letter confirms the Agreement to Negotiate a Consented Sale for the referenced property ("Property") and confirms the undersigned's ("our," "we" or "us") agreement to negotiate a Consented Sale on the following terms and conditions (collectively, the "Agreement") with the proviso that the hired professionals, BKRES or Local Agent, shall not participate in the sale and purchase of any estate property except as hired brokers:

1.      Following your signature approving this Agreement, we and our affiliate, Bankruptcy Global Holdings, LLC, will make commercially reasonable efforts to procure the consent and agreement ("Consent") of the senior mortgagee ("Secured Creditor") to:

    a.      sell the Property to whichever third party you determine to have made the best qualified offer during a public sale approved by the court;

    b.      buy the Property from the estate if (and only if) no such offer is made;

    c.      release its lien and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    d.      agree to a 11 U.S.C. § 506 surcharge to (x) pay our fee and expenses, any commission payable to the local real estate broker and all other fees and expenses associated with the sale, and (y) provide a carveout for the benefit of allowed unsecured creditors of the estate.

2.      At our recommendation, you have retained a local real estate broker to market the Property for sale to the public under a separate listing agreement. We will assist them by coordinating all aspects of the listing and sale process that involve Secured Creditor's Consent. We will also prepare and deliver any and all reports and information about the Consent, listing and sale process that you reasonably require. However, your local listing broker will be solely responsible for providing you with all other brokerage services associated with selling the Property, including inspecting it to confirm condition and occupancy, preparing any comparative market analysis, Broker Asset Valuation (Streamlined BPO) and Broker's Price Opinion (BPO), recommending a listing price, preparing marketing materials, including photographs and signage, and displaying the same at the Property and on the Multiple Listing Service, conducting all open houses and showings, and helping you evaluate and negotiate purchase offers, all at their sole cost and expense.

3.      The term of this Agreement will commence when you sign and return a copy of this letter and the court approves it. This Agreement will automatically terminate upon the closing of the sale of the Property, but may be terminated by either party for any or no reason at any time from and after 180 days from commencement.

**Natalie Cardiello, Trustee**
**Agreement to Negotiate Consented Sale**
**622 Bascom Ave, Pittsburgh, PA 15212**
**John Sorensen & Cambria Sorensen**

In addition, this Agreement will be terminated if the Chapter 7 Trustee files a Report of No Distribution, files a Notice of Abandonment of the subject property, or submits a Trustee's Final Report to the Office of the United States Trustee.

4.      There will be no fees due to, or payable by, either party under this Agreement, and neither party will be reimbursed by the other party for any cost or expense. Subject to the foregoing, you acknowledge and agree that our fee and expenses will be paid by Secured Creditor as a 11 U.S.C. § 506 surcharge, if and to the extent that Secured Creditor agrees and the court approves. You further acknowledge and agree that, if the Property is sold to a third party, we may receive some or all of our fee and expenses under a fee agreement with the local listing broker.

5.      You will make commercially reasonable efforts to assist us in procuring Secured Creditor's Consent and marketing and selling the Property and hereby appoint us as your agent to act on your behalf as trustee in connection with the same.

6.      We acknowledge and agree that (a) you are not executing this Agreement in your individual capacity, but solely as trustee of the estate, (b) we do not and will not have any right or claim with respect to the estate and (c) our sole recourse for payment of our fee and expenses will be to Secured Creditor under the Consent and the local listing broker under our fee agreement, but only if and to the extent that the same are approved by the court.

7.      This Agreement constitutes our complete agreement on this matter and supersedes all prior agreements and representations concerning the same. It may not be modified or amended except in a writing signed by both parties.

Please let us know if you have any questions regarding the foregoing or enclosed materials. Otherwise, kindly confirm your agreement by signing and returning this letter to retain us at your earliest convenience.

We look forward to working with you.

Sincerely,

**BK GLOBAL:**

**BK GLOBAL REAL ESTATE SERVICES**, a Florida limited liability company

By:_____

        Patrick Butler, Broker-in-Charge

Acknowledged and agreed as of the date set forth above.

**TRUSTEE:**

NATALIE CARDIELLO, not individually but solely as Trustee in the referenced matter.

2